UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-16247-MER |
| LBH NATIONAL CORPORATION ) | |
| EIN: 46-4574404 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

The Debtor and Debtor in Possession, LBH National Corporation ("Debtor"), by and through its attorneys, Kutner Brinen, P.C., moves the Court pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rules 4001(b) and 9014 for entry of an order authorizing the Debtor's use of cash collateral, setting a final hearing on the use of cash collateral, and providing adequate protection to properly perfected secured creditors, and as grounds therefor states as follows:

**Background**

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on June 23, 2016. The Debtor remains a debtor-in-possession.

2. The Debtor's business consists of the ownership and operation of a real estate brokerage firm operating primarily in California.

3. The Debtor currently operates under the business name of Shorewood Realtors. However, pre-petition the Debtor operated under a franchise with ERA Franchise Systems, LLC ("ERA").

4. Debtor's principal secured creditor is ERA. The Debtor may owe ERA approximately $1,500,000 pursuant to a promissory note. The ERA claim is secured by the Debtor's personal property, including accounts receivable.

5. The Debtor currently employs approximately 18 people who work in the Debtor's offices in California. The Debtor also is under contract with approximately 258 real estate sales agents. The sales agents are all independent contractors.

6. The cash collateral is derived from commissions earned from the sale of real estate properties closed by the Debtor's brokers and sales agents. The Debtor generally takes listings of real property, primarily residential, and then sells listed property through its sales force of sales

agents who are all independent contractors. In each case, for example, the Debtor may be entitled to a 6% commission on the sale of a property. In many cases, the Debtor is required to pay approximately 2.8% of the commission to the broker assisting the other side of the contract. The remaining portion of the commission to which the Debtor is entitled is split with the sales agent on approximately a 10% for the Debtor and 90% for the agent basis. This split may be varied somewhat but the agent generally receives most of the commission. In transactions where the Debtor's agents assist with a buyer with respect to another agency's listing the Debtor earns an approximately 2-3% commission

7. The Debtor has approximately 258 sales agents so properties are listed and closings occur on an ongoing basis. The Debtor's survival and goodwill are totally dependent upon the Debtor's ability to pay its sales agents their commissions in a timely fashion.

**Relief Requested**

8. The Debtor plans to continue operation of its business throughout the Chapter 11 case and propose a Plan of Reorganization which provides for the continuation of the Debtor's business. It is only through a Plan that unsecured creditors will see a recovery on account of their claims.

9. **This motion is limited to the use of cash collateral to pay the sales agents their commissions on closings that have already taken place.** The Debtor will file a later motion for general use of cash collateral use pursuant to a budget however at this time all of the funds held by the Debtor are in its commission account and are due the sales agents. The Debtor proposes to use cash collateral on an interim basis solely to pay the agents their commissions.

10. The Debtor's revenues are dependent upon continued real estate closings. Without the use of cash collateral, the Debtor will have insufficient funding to pay the sales agents. Therefore, the Debtor's use of cash collateral during the interim period is necessary to avoid immediate and irreparable harm to the estate through the loss of the sales agents. The cash held by the Debtor is all commission income and is held to pay the sales agents.

11. The Debtor will be replacing its cash during the course of its operations through real estate sales closings and therefore the Debtor can adequately protect ERA through the post-petition pledge of commission income from post-petition closings.

12. In order to provide adequate protection for the Debtor's use of cash collateral to secured creditors, the Debtor has proposed adequate protection for secured creditors in the order of

their relative priorities as set forth below. The proposal provides the following treatment on account of cash collateral:

    a. The Debtor will provide secured creditors with a post-petition lien on all post-petition sales contracts and closing proceeds due to the Debtor, to the extent that the use of the cash results in a decrease in the value of secured creditor's interest in the collateral pursuant to 11 U.S.C. § 361(2). All replacement liens will hold the same relative priority to assets as did the pre-petition liens;

    b. The Debtor will only use cash collateral in accordance with the schedule of commissions due to sales agents which is attached to this Motion as Exhibit A up to a maximum amount of $516,746; and

    c. The Debtor will provide secured creditors with a complete accounting, on with respect to the payments to the sales agents and on a monthly basis, of all revenue, expenditures, and collections through the filing of the Debtor's Monthly Operating Reports.

13. The Debtor's request to use cash collateral is made with a complete reservation of rights of secured creditors to their various claims and lien positions in and to the Debtor's assets.

14. Approval of the Debtor's use of cash collateral in accordance with this Motion is, on an interim basis and a final basis, in the best interest of the Debtor, its creditors and the estate as it will allow the Debtor to maintain its ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful Plan.

**Relief Requested on an Interim Emergency Basis**

15. Without the immediate use of cash collateral, the Debtor will lose sales agents since they will not be paid their commissions in accordance with their contracts. The market in California is highly competitive and the loss of commission income by some agents may result in the loss of all sales agents as they will leave to join other brokerage firms. The Debtor is filing a separate motion requesting an expedited entry of an order approving the interim use of cash collateral pursuant to this Motion.

WHEREFORE, the Debtor prays that the Court enter an Order, authorizing the Debtor's use of cash collateral in accordance with this Motion, authorize the Debtor to provide adequate

protection to the secured creditors with an interest in cash collateral in the form of that set forth herein, and for such further and additional relief as to the Court may appear proper.

DATED: June 28, 2016 Respectfully submitted,

By: /s/ Lee M. Kutner
Lee M. Kutner, # 10966
**KUTNER BRINEN, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Telecopy: (303) 832-1510
Email: lmk@kutnerlaw.com

**EXHIBIT A**
**PENDING CURE AMOUNTS ON CLOSED CONTRACTS**
**TO BE PAID THROUGH CASH COLLATERAL USE**

| Date | CK # | Pay to the Order Of: | CK AMOUNT |
|---|---|---|---:|
| 6/8/2016 | 5906 | Tom Nickl | 712.50 |
| 6/9/2016 | 5909 | Morrine Robey | 412.50 |
| 6/9/2016 | 5908 | Veera, Margaret | 32,501.00 |
| 6/16/2016 | 5945 | Grammatico, Angela | 11,401.00 |
| 6/20/2016 | 5950 | Baik, Stephanie | 31,120.00 |
| 6/20/2016 | 5949 | Morris, Matt | 119,501.00 |
| 6/21/2016 | 5953 | Harrison, James | 6,615.00 |
| 6/22/2016 | 5955 | Fowler, Shiela | 9,028.80 |
| 6/22/2016 | 5546 | Cartus Corporate | 7,500.00 |
| 6/22/2016 | 5956 | Cavanaugh Realtors | 3,343.00 |
| 6/22/2016 | 5961 | Piemonte, Emily | 406.70 |
| 6/23/2016 | 5963 | RC Sales | 441.00 |
| 6/23/2016 | 5968 | Kaminsky, Edward | 17,763.50 |
| 6/23/2016 | 5970 | Klapper, Aaron | 19,475.40 |
| 6/23/2016 | 5969 | Valia Properties | 6,087.50 |
| 6/23/2016 | 5964 | Thomas, Justin | 394.45 |
| 6/24/2016 | 5973 | Ashley & Matt LeGrand | 34,475.00 |
| 6/24/2016 | 5972 | Ezra, Rachel | 2,872.00 |
| 6/24/2016 | 5974 | Hoffman, Regina | 25,790.00 |
| 6/24/2016 | 5977 | Shelton, Jeremy | 36,515.00 |
| 6/24/2016 | 5978 | Gonzalez, Luis | 11,667.00 |
| 6/24/2016 | 5975 | Kaminsky, Edward | 34,501.00 |
| 6/24/2016 | 5976 | Baik, Stephanie | 15,750.00 |
| 6/27/2016 | 5979 | Dawn Campbell | 6,279.00 |
| 6/27/2016 | 5980 | Miguel Guza | 89.70 |
| 6/27/2016 | 6981 | Lawrence Yore | 21,101.00 |
| 6/27/2016 | 5982 | Kaminsky, Edward | 13,801.00 |
| 6/27/2016 | 5983 | Ann Shumbo | 47,201.00 |
| | | | **$516,745.05** |